**Andre PHEA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–04–00521–CR, 01–04–00558–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 5, 2006.

Discretionary Review Stricken
June 21, 2006.

Richard W. Wilkinson, Jr., Houston, for Appellant.

Jeri Yenne, Criminal District Atty., David Bosserman, Asst. Criminal District Atty., Angleton, for Appellee.

Panel consists of Justices TAFT, KEYES, and HANKS.

## OPINION

GEORGE C. HANKS, JR. Justice.

A jury found appellant, Andre Phea, guilty of sexual assault of a child[1] and

---

1. Count one of the indictment read as follows: "Defendant ... did then and there intentionally and knowingly cause the penetration of the female sexual organ of ... a child youn-

ger than seventeen (17) years of age and not the defendant's spouse, by inserting the defendant's finger." *See* TEX. PEN.CODE ANN. § 22.011 (Vernon Supp.2005).

indecency with a child by contact[2] and sentenced him to 10 years community supervision and a $10,000 fine for each offense. In four points of error, appellant contends that the trial court erred in allowing improper demonstrative evidence, in submitting an improper criminal-episode charge, and in allowing an unduly prejudicial demonstration by the State. Appellant further argues that the evidence was legally and factually insufficient to support the verdict. We affirm.

## Background

In May of 2000, the 14–year–old complainant[3] was in a car with A. P., appellant's daughter, and appellant. The complainant, who was wearing loose shorts and a t-shirt, was seated in the back seat on the passenger side, and appellant's daughter was in the front passenger seat. While driving, appellant reached back and touched the complainant on the leg. The complainant thought little of appellant rubbing her leg with his hand as he stated that he was looking for a compact disc. They stopped at a Racetrac gas station in Pearland with many rows of pumps. Appellant asked A.P. to get out and go pay for the gas. After A.P. got out of the car, appellant turned around and started talking to the complainant. Appellant began rubbing up and down her leg with his right hand. Appellant then stuck his hand up her shorts inside her panties and touched her vagina. Appellant then inserted his fingers inside her vagina. Appellant removed his fingers from her vagina as A.P. approached the car. After A.P. came back, appellant pumped the gas. Appellant then took the complainant to her

home. The following day at school, the complainant told A.P. what had happened.

## Improperly Admitted Evidence

In points of error one and three, appellant argues that the trial court erred in allowing the State to "conduct a demonstration before the jury by walking and counting seconds in the courtroom when the conditions were not substantially similar to the facts" and such a demonstration unduly biased the jury.

## Standard of Review

An objection to the admission of evidence must be specific enough to apprise the trial court of its legal basis. Tex.R.App. P. 33.1(a)(1); *see also Williams v. State,* 930 S.W.2d 898, 901 (Tex.App.-Houston [1st Dist.] 1996, pet. ref'd.) (stating that general objection insufficient to preserve error). Appellant's complaint on appeal must be the same as his objections at trial to preserve the error. *Johnson v. State,* 803 S.W.2d 272, 292–93 (Tex.Crim. App.1990). "When admitting evidence, the trial judge does not *sua sponte* engage in balancing the probative value against the prejudice, but does so only upon sufficient objection invoking Rule 403 by the party opposing admission of the evidence." *Long v. State,* 823 S.W.2d 259, 271 (Tex. Crim.App.1991).

It is proper to allow a witness "to demonstrate before the jury so as to make more plain and clear her testimony." *Lewis v. State,* 486 S.W.2d 104, 106 (Tex. Crim.App.1972). The trial court has discretion on whether demonstrations should be permitted. *Ginther v. State,* 672

---

**2.** Count two of the indictment read as follows: Defendant "did then and there intentionally and knowingly engage in sexual contact with ... a child not his spouse and younger than seventeen (17) years of age, by then and there touching the genitals of the said child with intent to arouse and gratify the sexual desire of the said defendant." *See* Tex. Pen.Code Ann. § 21.11 (Vernon 2003).

**3.** The complainant was 18 years old when she testified at trial.

S.W.2d 475, 477 (Tex.Crim.App.1984). While demonstrations must be conducted under similar conditions, "the conditions need not be identical as dissimilarities affect the weight and not the admissibility of the evidence." *Cantu v. State,* 738 S.W.2d 249, 255 (Tex.Crim.App.1987). Our evaluation should not intrude upon the fact finder's role as the sole judge of the weight and credibility given to any witness's testimony. *Cain v. State,* 958 S.W.2d 404, 407 (Tex.Crim.App.1997).

### Analysis

■ Appellant's counsel asked A.P. how long her father was out of sight when she went to pay for the gas. She replied, "A matter of seconds. A couple of seconds." On cross-examination, the prosecutor attempted to clarify her testimony as follows:

State: So, he handed you the cash, and you got out of the car. Did you run?

A.P.: No.

State: You walked?

A.P.: (Witness nods.)

State: Okay. Count one one thousand for me.

A.P.: One one thousand, two one thousand, three one thousand, four one thousand, ... fourteen one—

Appellant's counsel: Your Honor, I object for any continuation of this.

There has been no testimony as to how fast she walked, how far she walked, whether she was going around a desk. He's traveling at the only speed he wants to go to manipulate this demonstration.

Court: I'll overrule.

State: Stop right there. At that point you handed the money to the cashier, and you talked to her?

A.P.: I told her what number the money was going to on the—in the—on the pumps to the gas.

. . .

State: Okay. Let's say that took at least three seconds [to talk to the cashier]. So, what did you stop at 12 or 13 when I got over here?

A.P.: Twelve, I think.

State: Okay. Let's say—start back up at 15. I'm going to turn around.

A.P.: Fifteen one thousand, sixteen one thousand ... twenty-one one thousand—

State: Okay. You can stop right there. So, it would be safe to say that you— you weren't looking at that car for at least 20 to 30 seconds, right, at the very minimum?

A.P.: That's right.

Appellant argues that "the proper demonstration would have been for the prosecutor to allow the witness to count the seconds it took her to walk from the car to the cashier and back, by demonstrating her own walking pace and timing."

We hold that the trial court did not abuse its discretion in allowing the demonstration. The dissimilarities between the State's demonstration and the actual event affect the weight of the evidence and not its admissibility. *See Cantu,* 738 S.W.2d at 255. Furthermore, appellant's counsel had an opportunity to redirect and ask questions to clarify the demonstration or even conduct his own demonstration illustrating how dissimilar the State's demonstration and the actual event really were. He failed to do so. Appellant fails to cite to any additional authority or evidence in the record that compels us to come to conclude that this demonstration unfairly biased the jury.

We overrule points of error one and three.

## Jury Charge

■ In point of error two, appellant argues that the trial court erred by not including all essential elements or terms in the court's charge to the jury, "specifically by not defining the term criminal episode in the charge or asking the jury to determine if a criminal episode occurred since the indictment ... included a paragraph stating that the two counts in the indictment constituted a criminal episode." After the allegations in Count One (sexual assault of a child) and Count Two (indecency with a child by contact) were stated, the indictment read, "And the Grand Jurors aforesaid, upon their oaths aforesaid, in said County and State, do further present in and to said Court that the offenses set out in Counts ONE AND TWO, above constitute a 'criminal episode' as that term is defined in Section 3.01 of the Texas Penal Code."

### Standard of Review

The Texas Code of Criminal Procedure states that the trial judge shall provide the jury with a written charge and the defendant "shall present his objections thereto in writing, distinctly specifying each ground of objection" and the "objections may embody errors claimed to have been committed in the charge, as well as errors claimed to have been committed by omissions." Tex.Code Crim. Proc. Ann. art 36.14 (Vernon Supp.2005).

### Analysis

Here, appellant did not object to the trial court's failure to include the definition of "criminal episode" in the charge. Appellant complains that the indictment used the criminal episode language and that it was not later defined in the charge, leaving the jury confused.

■ "It is not necessary to give a definition and a charge on whether offenses occurred during a common episode unless the defendant requests such a charge and there is at least some evidence which would negate the offenses occurred during a common episode as defined in Section 3.01 of the Texas Penal Code." *Foster v. State,* 976 S.W.2d 732, 734 (Tex.App.-Tyler 1998, no pet.). Appellant requested no such charge and has presented no evidence to negate that the offenses occurred during a common episode. Accordingly, we hold that the trial court did not err in failing to define "criminal episode."

We overrule point of error two.

## Sufficiency

In point of error four, appellant argues that the evidence was legally and factually insufficient to support the verdict.

### Standard of Review

■ When conducting a legal-sufficiency review, we view the evidence in the light most favorable to the verdict to determine whether any rational fact finder could have found the essential elements of the offense beyond a reasonable doubt. *King v. State,* 29 S.W.3d 556, 562 (Tex. Crim.App.2000); *Howley v. State,* 943 S.W.2d 152, 155 (Tex.App.-Houston [1st Dist.] 1997, no pet.). Although a legal-sufficiency analysis entails a consideration of all evidence presented at trial, we may neither re-weigh the evidence nor substitute our judgment for the jury's. *King,* 29 S.W.3d at 562.

■ In a factual-sufficiency review, we view all of the evidence in a neutral light, and we will set the verdict aside only if the evidence is so weak that the verdict is clearly wrong and manifestly unjust, or the contrary evidence is so strong that the standard of proof—beyond a reasonable doubt—could not have been met. *See Zuniga v. State,* 144 S.W.3d 477, 483 (Tex. Crim.App.2004).

We must also employ appropriate deference so that we do not substitute our judgment for that of the fact finder. *See id.* at 482. Our evaluation should not intrude upon the fact finder's role as the sole judge of the weight and credibility given to any witness's testimony. *Cain,* 958 S.W.2d at 407. Because it turns on an evaluation of credibility and demeanor, it is within the province of the fact finder to determine what weight to give contradictory testimonial evidence. *Id.* at 408–09. The fact finder is entitled to judge the credibility of the witnesses and may choose to believe all, some, or none of the testimony presented. *Id.* at 407.

**Analysis**

At trial, the State had to prove that appellant committed indecency with a child by contact and sexual assault of a child in 2000. The complainant testified that, in May 2000, she was with appellant. While in his car, appellant rubbed her left leg with his right hand. Appellant then stuck his hand up her shorts, inside her panties, and touched her vagina—indecency with a child by contact. Appellant then inserted his fingers into her vagina—sexual assault of a child. Appellant removed his fingers from her vagina when appellant's daughter was approaching the car. When the evidence is viewed in a light most favorable to the verdict, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.

It is within the province of the fact finder to determine the weight of any contradictory evidence. *Losada v. State,* 721 S.W.2d 305, 309 (Tex.Crim.App.1986). Appellant contends that there were contradictions in the complainant's testimony. He points to the complainant's admission on cross-examination that she failed to include all of the facts that she testified to in court in her initial statement to the police. A.P. also claims that, when the complainant told her of the incident the next day at school, the complainant did not tell her any details of how appellant touched her. Appellant also disputes the complainant's claims that she never returned to his home after the incident. There was also some discrepancy over whether the complainant lived with her mother or a relative at the time of the incident. Finally, appellant contends that the complainant's testimony revealed "a physical improbability in that it is extremely unlikely that the appellant would have been physically able to make a turn around in the driver seat to be able to place his hand and finger up the shorts and into the vagina." The jury elected to believe the complainant's testimony and chose to reconcile any discrepancies in that testimony in her favor. *See id.* Accordingly, we hold that the evidence is legally and factually sufficient to support appellant's conviction.

We overrule point of error four.

**Conclusion**

We affirm the judgment of the trial court.