COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-05-180-CR

 

 

FELTON L. GRAY                                                                 APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

FROM CRIMINAL
DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.  Introduction








A jury found Appellant Felton L. Gray guilty of
aggravated assault.  After Gray pleaded
true to the habitual offender notice, the jury assessed his punishment at
confinement for life, and the trial court sentenced him accordingly.  In three issues, Gray complains that the
trial court erred by failing to give a reasonable doubt instruction as to
extraneous offense evidence in the court=s charge
at punishment and that the trial court abused its discretion by admitting
extraneous bad act evidence that Gray assaulted a fellow inmate and gave false
identification to a police officer.  We
will affirm.

II.  Court=s Charge at Punishment

In his first issue, Gray argues that the trial
court should have charged the jury at the punishment phase of trial on the
burden of proof as to extraneous offenses and bad acts.  Gray argues that this instruction was
required because the State had introduced two extraneous offenses at
guilt-innocence:  that he had assaulted a
fellow inmate and that he had given false identification to a police
officer.  Gray did not object, however,
to the charge=s failure to include the
reasonable doubt instruction concerning extraneous offenses and bad acts.








Nevertheless, the court of criminal appeals has
held that a trial court is duty-bound to so instruct the jury, regardless of
whether defense counsel makes a request for such a charge.  Huizar v. State, 12 S.W.3d 479, 484
(Tex. Crim. App. 2000).  The failure to
give such an instruction is charge error that is analyzed by applying an Almanza
harm analysis.[2]  Id.; see also Brown v. State,
122 S.W.3d 794, 803 (Tex. Crim. App. 2003), cert. denied, 541 U.S. 938
(2004).  Under Almanza, when a
defendant does not object to claimed charge error, we will not reverse the
judgment unless the defendant suffered Aegregious
harm.@  686 S.W.2d at 171.

Egregious harm consists of errors affecting the
very basis of the case or errors that deprive the defendant of a valuable
right, vitally affect a defensive theory, or make the case for conviction or
punishment clearly and significantly more persuasive.  Saunders v. State, 817 S.W.2d 688, 692
(Tex. Crim. App. 1991).  We determine
harm in light of the entire jury charge, the state of the evidence, including
contested issues and the weight of the probative evidence, the argument of counsel,
and any other relevant information revealed by the record as a whole.  Mann v. State, 964 S.W.2d 639, 641
(Tex. Crim. App. 1998). 








Here, Gray did not suffer egregious harm from the
lack of a reasonable doubt instruction at the punishment phase of his
trial.  At punishment, the State
introduced into evidence State=s
exhibits 33, 34, 35, 36, 37, and 38, showing Gray=s prior
convictions for the offenses of burglary of a habitation, attempted murder,
burglary of the third degree, larceny of the fourth degree, forgery, escape,
receiving stolen property, possession of less than one gram of cocaine, and two
assaults with bodily injury.  Given Gray=s
extensive prior criminal history, we agree with the State that it is Aunthinkable@ that he
was egregiously harmed by the trial court=s
failure to instruct the jury that it could consider Gray=s
alleged assault of a fellow inmate or his act of providing false identification
to a police officer only if it found beyond a reasonable doubt that he had in
fact committed these acts.  The offenses
that Gray previously had been convicted of committing and that were introduced
into evidence at punishment for the jury=s
consideration were more serious and more likely to influence the jury than the
two bad acts that the State introduced at guilt-innocence.[3]  Consequently, we hold that Gray did not
suffer egregious harm from any trial court error in the failure to submit the
reasonable doubt instruction concerning two extraneous offenses admitted at
guilt-innocence.  See Moore v. State, 165
S.W.3d 118, 126 (Tex. App.CFort
Worth 2005, no pet.) (holding under similar facts that trial court=s
failure to include reasonable doubt instruction did not cause defendant
egregious harm).

We overrule Gray=s first
issue.

 

 

 








III. Admission of
Extraneous Offense Evidence

In his second and third issues, Gray claims that
the trial court erred by permitting the State to question him about his alleged
assault of a fellow inmate and about a claim that he provided false
identification to a police officer. 

Evidence of other crimes,
wrongs or acts is not admissible to prove the character of a person in order to
show action in conformity therewith.  It
may, however, be admissible for other purposes, such as proof of motive,
opportunity, intent, preparation, plan, knowledge, identity, or absence of
mistake or accident, provided that upon timely request by the accused in a
criminal case, reasonable notice is given in advance of trial of intent to
introduce in the State=s case‑in‑chief
such evidence other than that arising in the same transaction.  

 

Tex.
R. Evid.
404(b). 

 

 Additionally, extraneous offense evidence may
be relevant and admissible to rebut a defensive theory.  See Ransom v. State, 920 S.W.2d 288,
301 (Tex. Crim. App.) (op. on reh=g),
cert. denied, 519 U.S. 1030 (1996); Jones v. State, 119 S.W.3d 412,
420-21 (Tex. App.CFort Worth 2003, no pet.).








The State, as the proponent of extraneous offense
evidence, bears the burden of showing admissibility.  See Rankin v. State, 974 S.W.2d 707,
718 (Tex. Crim. App. 1998) (op. on reh=g).  AThe
trial court=s task is to determine whether
extraneous offense evidence is relevant for a purpose other than the propensity
of the defendant to commit crimes or other bad acts.@  Jones, 119 S.W.3d at 419 (quoting Booker
v. State, 103 S.W.3d 521, 530 (Tex. App.CFort
Worth 2003, pet. ref=d)).  Rulings on relevance should be left largely
to the trial court, relying on its own observations and experience, and will
not be reversed absent an abuse of discretion. 
Id. (citing Moreno v. State, 858 S.W.2d 453, 463 (Tex.
Crim. App.), cert. denied, 510 U.S. 966 (1993), and Corley v. State,
987 S.W.2d 615, 618 (Tex. App.CAustin
1999, no pet.)).  Moreover, appellate
courts should give great discretion to the trial courts in matters of
relevancy, reversing only if the trial court acts outside Athe zone
of reasonable disagreement.@  Montgomery v. State, 810 S.W.2d 372,
391 (Tex. Crim. App. 1991) (op. on reh=g).

In determining whether extraneous offense
evidence is relevant to rebut a defendant=s
defense, we evaluate the similarity between the extraneous act and the charged
offense:

Rebuttal of a defense
means evidence is introduced contradicting some aspect of the defense itself .
. . .  When a defense witness presents a
picture that the defendant is not the type of person to commit the charged
offense, the prosecution may impeach the defense witnesses= testimony by
introduction of similar extraneous offenses. 
By raising a defensive theory, the defendant opens the door for the
State to offer rebuttal testimony regarding an extraneous offense if the
extraneous offense has common characteristics with the offense for which the
defendant was on trial.

 

Jones, 119 S.W.3d at 420-21 (quoting Roberts v.
State, 29 S.W.3d 596, 601 (Tex. App.CHouston
[1st Dist.] 2000, pet. ref=d)
(citations omitted)).








Extraneous offense/bad acts evidence that is
relevant and admissible under ule 404(b) may nonetheless be inadmissible under
rule 403 if the probative value of such evidence is substantially outweighed by
unfair prejudice.  Mozon v. State,
991 S.W.2d 841, 847 (Tex. Crim. App. 1999); Montgomery, 810 S.W.2d at
390.  When a further objection is made to
extraneous offense evidence under rule 403, the trial court must determine
whether the danger of undue prejudice outweighs the probative value of the
evidence.  Mozon, 991 S.W.2d at
847.  AWhen
admitting evidence, the trial judge does not sua sponte engage in balancing the
probative value against the prejudice, but does so only upon sufficient
objection invoking [r]ule 403 by the party opposing admission of the evidence.@  Long v. State, 823 S.W.2d 259, 271
(Tex. Crim. App. 1991), cert. denied, 505 U.S. 1224 (1992); Phea v.
State, 190 S.W.3d 232, 234 (Tex. App.CHouston
[1st Dist.] 2006, pet. ref=d).

A.  Assault
of Inmate








As the proponent of the evidence, the State
claims that Gray=s alleged assault of a prison
inmate became admissible based on his defensive theory that the victim became
incensed and Arushed@ him;
that is, Gray=s defense was that he was not
the aggressor in the altercation at issue. 
We agree that Gray opened the door to the admission of the extraneous
offense evidence that he was the aggressor in the altercation in prison when he
claimed that he was not the aggressor in the present altercation.   When the accused claims self‑defense
or accident, the State, in order to show the accused=s
intent, may show other violent acts where the defendant was an aggressor.  Halliburton v. State, 528 S.W.2d 216,
217‑18 (Tex. Crim. App. 1975); Lemmons v. State, 75 S.W.3d 513,
523 (Tex. App.CSan Antonio 2002, pet. ref=d); Johnson
v. State, 963 S.W.2d 140, 144 (Tex. App.CTexarkana
1998, pet. ref=d);  Bradley v. State, 960 S.W.2d 791, 803
(Tex. App.CEl Paso 1997, pet. ref=d); Robinson
v. State, 844 S.W.2d 925, 929 (Tex. App.CHouston
[1st Dist.] 1992, no pet.).  Thus, the
extraneous offense evidence that Gray allegedly assaulted a fellow inmate
became relevant to rebut Gray=s
defense.  The trial court is given wide
latitude to exclude, or, particularly in view of the presumption of
admissibility of relevant evidence, not to exclude misconduct evidence as it
sees fit.  Montgomery, 810 S.W.2d
at 390.  Here, the trial court did not
act outside the zone of reasonable disagreement in deciding that the evidence
was relevant.








Likewise, because no rule 403 objection appears
in the record to the admission of this extraneous offense evidence, we do not
consider whether the trial court erred by not determining that danger of undue
prejudice outweighed the probative value of the evidence.  See, Montgomery, 810 S.W.2d at 388‑90
(holding that a Rule 403 objection requires that the trial court balance the
probative value of the evidence against its potentially prejudicial effect); Phea,
190 S.W.3d at 234.

We overrule Gray=s second
issue.

B.  False
Identification to Police Officer

As the proponent of this evidence, the State
claims that Gray=s conduct in providing a police
officer with a false nameCAJames
Avery@Cwhen he
was questioned by Officer Coleman while panhandling in the street two months
after the assault was admissible as evidence of Gray=s Aconsciousness
of guilt.@ 
The court of criminal appeals has held that, A[l]ike
flight, the fact that appellant presented false identification . . . when he
was pulled over indicates a >consciousness
of guilt=@ and is
therefore relevant.  Felder v. State,
848 S.W.2d 85, 98 (Tex. Crim. App. 1992), cert. denied, 510 U.S. 829
(1993).  Again, the trial court is given
wide latitude to exclude, or, particularly in view of the presumption of
admissibility of relevant evidence, not to exclude misconduct evidence as it
sees fit.  Montgomery, 810 S.W.2d
at 390.   The trial court here may
reasonably have believed the evidence that Gray gave false identification to a
police officer was relevant to show Gray=s
knowledge that a crime had been committed and that he was a likely suspect in
the assault.








Likewise, because no rule 403 objection appears
in the record to the admission of this extraneous offense evidence, we do not
consider whether the trial court erred by not determining that danger of undue
prejudice outweighed the probative value of the evidence.  See, e.g., Montgomery, 810 S.W.2d at
388‑90 (holding that a Rule 403 objection requires that the trial court
balance the probative value of the evidence against its potentially prejudicial
effect); Phea, 190 S.W.3d at 234.

Accordingly, we overrule Gray=s third
issue.

IV.  Conclusion

Having overruled each of Gray=s
issues, we affirm the trial court=s
judgment.

SUE
WALKER

JUSTICE

 

PANEL F: GARDNER, WALKER,
and MCCOY, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  September 14, 2006











[1]See Tex. R. App. P. 47.4.





[2]Almanza v. State, 686 S.W.2d 157 (Tex.
Crim. App. 1985) (op. on reh=g).





[3]We decline in this case
to reconsider Allen v. State, 47 S.W.3d 47 (Tex. App.CFort Worth 2001, pet. ref=d), because in light of
the clear absense of egregious harm here, a re-analysis of Allen is not
necessary to the disposition of this appeal. 
See Tex. R. App. P.
47.1