Felton L. Gray v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-180-CR

FELTON L. GRAY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

A jury found Appellant Felton L. Gray guilty of aggravated assault.  After Gray pleaded true to the habitual offender notice, the jury assessed his punishment at confinement for life, and the trial court sentenced him accordingly.  In three issues, Gray complains that the trial court erred by failing to give a reasonable doubt instruction as to extraneous offense evidence in the court’s charge at punishment and that the trial court abused its discretion by admitting extraneous bad act evidence that Gray assaulted a fellow inmate and gave false identification to a police officer.  We will affirm.

II.  Court’s Charge at Punishment

In his first issue, Gray argues that the trial court should have charged the jury at the punishment phase of trial on the burden of proof as to extraneous offenses and bad acts.  Gray argues that this instruction was required because the State had introduced two extraneous offenses at guilt-innocence:  that he had assaulted a fellow inmate and that he had given false identification to a police officer.  Gray did not object, however, to the charge’s failure to include the reasonable doubt instruction concerning extraneous offenses and bad acts.

Nevertheless, the court of criminal appeals has held that a trial court is duty-bound to so instruct the jury, regardless of whether defense counsel makes a request for such a charge.  
Huizar v. State
, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000).  The failure to give such an instruction is charge error that is analyzed by applying an 
Almanza 
harm analysis.
(footnote: 2)  
Id
.; 
see also Brown v. State
, 122 S.W.3d 794, 803 (Tex. Crim. App. 2003), 
cert. denied
, 541 U.S. 938 (2004).  Under 
Almanza
, when a defendant does not object to claimed charge error, we will not reverse the judgment unless the defendant suffered “egregious harm.”  686 S.W.2d 
at 171.

Egregious harm consists of errors affecting the very basis of the case or errors that deprive the defendant of a valuable right, vitally affect a defensive theory, or make the case for conviction or punishment clearly and significantly more persuasive.  
Saunders v. State
, 817 S.W.2d 688, 692 (Tex. Crim. App. 1991).  We determine harm in light of the entire jury charge, the state of the evidence, including contested issues and the weight of the probative evidence, the argument of counsel, and any other relevant information revealed by the record as a whole.  
Mann v. State
, 964 S.W.2d 639, 641 (Tex. Crim. App. 1998). 

Here, Gray did not suffer egregious harm from the lack of a reasonable doubt instruction at the punishment phase of his trial.  At punishment, the State introduced into evidence State’s exhibits 33, 34, 35, 36, 37, and 38, showing Gray’s prior convictions for the offenses of burglary of a habitation, attempted murder, burglary of the third degree, larceny of the fourth degree, forgery, escape, receiving stolen property, possession of less than one gram of cocaine, and two assaults with bodily injury.  Given Gray’s extensive prior criminal history, we agree with the State that it is “unthinkable” that he was egregiously harmed by the trial court’s failure to instruct the jury that it could consider Gray’s alleged assault of a fellow inmate or his act of providing false identification to a police officer only if it found beyond a reasonable doubt that he had in fact committed these acts.  The offenses that Gray previously had been convicted of committing and that were introduced into evidence at punishment for the jury’s consideration were more serious and more likely to influence the jury than the two bad acts that the State introduced at guilt-innocence.
(footnote: 3)  Consequently, we hold that Gray did not suffer egregious harm from any trial court error in the failure to submit the reasonable doubt instruction concerning two extraneous offenses admitted at guilt-innocence.  
See Moore v. State, 
165 S.W.3d 118, 126 (Tex. App.—Fort Worth 2005, no pet.) (holding under similar facts that trial court’s failure to include reasonable doubt instruction did not cause defendant egregious harm).

We overrule Gray’s first issue.

III. Admission of Extraneous Offense Evidence

In his second and third issues, Gray claims that the trial court erred by permitting the State to question him about his alleged assault of a fellow inmate and about a claim that he provided false identification to a police officer. 

Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  
It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State’s case-in-chief such evidence other than that arising in the same transaction.  

Tex. R. Evid.
 404(b). 

 Additionally, extraneous offense evidence may be relevant and admissible to rebut a defensive theory.  
See Ransom v. State
, 920 S.W.2d 288, 301 (Tex. Crim. App.) (op. on reh’g),
 cert. denied
, 519 U.S. 1030 (1996); 
Jones v. State
, 119 S.W.3d 412, 420-21 (Tex. App.—Fort Worth 2003, no pet.).

The State, as the proponent of extraneous offense evidence, bears the burden of showing admissibility.  
See Rankin v. State
, 974 S.W.2d 707, 718 (Tex. Crim. App. 1998) (op. on reh’g).  “The trial court’s task is to determine whether extraneous offense evidence is relevant for a purpose other than the propensity of the defendant to commit crimes or other bad acts.”  
Jones
, 119 S.W.3d at 419 (quoting 
Booker v. State, 
103 S.W.3d 521, 530 (Tex. App.—Fort Worth 2003, pet. ref’d)).  Rulings on relevance should be left largely to the trial court, relying on its own observations and experience, and will not be reversed absent an abuse of discretion.  
Id. 
(citing 
Moreno v. State
, 858 S.W.2d 453, 463 (Tex. Crim. App.), 
cert. denied
, 510 U.S. 966 (1993), and 
Corley v. State
, 987 S.W.2d 615, 618 (Tex. App.—Austin 1999, no pet.)).  Moreover, appellate courts should give great discretion to the trial courts in matters of relevancy, reversing only if the trial court acts outside “the zone of reasonable disagreement.”  
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g).

In determining whether extraneous offense evidence is relevant to rebut a defendant’s defense, we evaluate the similarity between the extraneous act and the charged offense:

Rebuttal of a defense means evidence is introduced contradicting some aspect of the defense itself . . . .  When a defense witness presents a picture that the defendant is not the type of person to commit the charged offense, the prosecution may impeach the defense witnesses’ testimony by introduction of similar extraneous offenses.  By raising a defensive theory, the defendant opens the door for the State to offer rebuttal testimony regarding an extraneous offense if the extraneous offense has common characteristics with the offense for which the defendant was on trial.

Jones
, 119 S.W.3d at 420-21 (quoting 
Roberts v. State
, 29 S.W.3d 596, 601 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d) (citations omitted)).

Extraneous offense/bad acts evidence that is relevant and admissible under ule 404(b) may nonetheless be inadmissible under rule 403 if the probative value of such evidence is substantially outweighed by unfair prejudice.  
Mozon v. State
, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999); 
Montgomery
, 810 S.W.2d at 390.  When a further objection is made to extraneous offense evidence under rule 403, the trial court must determine whether the danger of undue prejudice outweighs the probative value of the evidence.  
Mozon
, 991 S.W.2d at 847.  “When admitting evidence, the trial judge does not sua sponte engage in balancing the probative value against the prejudice, but does so only upon sufficient objection invoking [r]ule 403 by the party opposing admission of the evidence.”  
Long v. State
, 823 S.W.2d 259, 271 (Tex. Crim. App. 1991), 
cert. denied
, 505 U.S. 1224 (1992); 
Phea v. State
, 190 S.W.3d 232, 234 (Tex. App.—Houston [1st
 Dist.] 2006, pet. ref’d).

A.  Assault of Inmate

As the proponent of the evidence, the State claims that Gray’s alleged assault of a prison inmate became admissible based on his defensive theory that the victim became incensed and “rushed” him; that is, Gray’s defense was that he was not the aggressor in the altercation at issue.  We agree that Gray opened the door to the admission of the extraneous offense evidence that he was the aggressor in the altercation in prison when he claimed that he was not the aggressor in the present altercation.   When the accused claims self-defense or accident, the State, in order to show the accused’s intent, may show other violent acts where the defendant was an aggressor.  
Halliburton v. State
, 528 S.W.2d 216, 217-18 (Tex. Crim. App. 1975); 
Lemmons v. State
, 75 S.W.3d 513, 523 (Tex. App.—San Antonio 2002, pet. ref’d); 
Johnson v. State
, 963 S.W.2d 140, 144 (Tex. App.—Texarkana 1998, pet. ref’d);  
Bradley v. State
, 960 S.W.2d 791, 803 (Tex. App.—El Paso 1997, pet. ref’d); 
Robinson v. State
, 844 S.W.2d 925, 929 (Tex. App.—Houston [1st Dist.] 1992, no pet.).  Thus, the extraneous offense evidence that Gray allegedly assaulted a fellow inmate became relevant to rebut Gray’s defense.  The trial court is given wide latitude to exclude, or, particularly in view of the presumption of admissibility of relevant evidence, not to exclude misconduct evidence as it sees fit.  
Montgomery
, 810 S.W.2d at 390.  Here, the trial court did not act outside the zone of reasonable disagreement in deciding that the evidence was relevant.

Likewise, because no rule 403 objection appears in the record to the admission of this extraneous offense evidence, we do not consider whether the trial court erred by not determining that danger of undue prejudice outweighed the probative value of the evidence.  
See, Montgomery
, 810 S.W.2d at 388-90 (holding that a Rule 403 objection requires that the trial court balance the probative value of the evidence against its potentially prejudicial effect); 
Phea
, 190 S.W.3d at 234.

We overrule Gray’s second issue.

B.  False Identification to Police Officer

As the proponent of this evidence, the State claims that Gray’s conduct in providing a police officer with a false name—“James Avery”—when he was questioned by Officer Coleman while panhandling in the street two months after the assault was admissible as evidence of Gray’s “consciousness of guilt.”  The court of criminal appeals has held that, “[l]ike flight, the fact that appellant presented false identification . . . when he was pulled over indicates a ‘consciousness of guilt’” and is therefore relevant.  
Felder v. State
, 848 S.W.2d 85, 98 (Tex. Crim. App. 1992), 
cert. denied
, 510 U.S. 829 (1993).  Again, the trial court is given wide latitude to exclude, or, particularly in view of the presumption of admissibility of relevant evidence, not to exclude misconduct evidence as it sees fit.  
Montgomery
, 810 S.W.2d at 390.   The trial court here may reasonably have believed the evidence that Gray gave false identification to a police officer was relevant to show Gray’s knowledge that a crime had been committed and that he was a likely suspect in the assault.

Likewise, because no rule 403 objection appears in the record to the admission of this extraneous offense evidence, we do not consider whether the trial court erred by not determining that danger of undue prejudice outweighed the probative value of the evidence.  
See, e.g., Montgomery
, 810 S.W.2d at 388-90 (holding that a Rule 403 objection requires that the trial court balance the probative value of the evidence against its potentially prejudicial effect); 
Phea
, 190 S.W.3d at 234.

Accordingly, we overrule Gray’s third issue.

IV.  Conclusion

Having overruled each of Gray’s issues, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL F: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(
b)

DELIVERED:  September 14, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Almanza v. State
, 686 S.W.2d 157 (Tex. Crim. App. 1985) (op. on reh’g).

3:
We decline in this case to reconsider 
Allen v. State
, 47 S.W.3d 47 (Tex. App.—Fort Worth 2001, pet. ref’d), because in light of the clear absense of egregious harm here, a re-analysis of 
Allen
 is not necessary to the disposition of this appeal.  
See
 
Tex. R. App. P.
 47.1