**Affirmed as Modified and Majority Opinion and Concurring and Dissenting Opinion filed October 27, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00268-CR

---

### JOSE GUADALUPE CARMONA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause No. 1532290**

---

## MAJORITY OPINION

Convicted of indecency with a child by contact, appellant Jose Guadalupe Carmona challenges the legal sufficiency of the evidence and asserts the trial court erred in refusing to suppress a recorded statement. The State asserts that we should modify the trial court's judgment to delete findings that are contrary to the record. We modify the judgment to delete these findings and affirm the judgment as modified.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant lived in the same apartment complex as the complainant, Moana, Moana's two older siblings, and Moana's mother, Miriam.[1] Appellant and Miriam began dating, and after Miriam gave birth to the first of their two children, appellant moved in with Miriam's family. Miriam kicked appellant out of the apartment sometime in 2012. According to Moana, Miriam took this action when Moana told her mother that appellant had touched Moana's buttocks.

In 2014, Moana, then about ten years old, told her older sister that appellant had exposed himself to her and offered her money in exchange for her touching appellant's penis. The sister notified her mother and called the police. A forensic investigator, Clara Rivers interviewed Moana. Due to a backlog at the police department, the interview did not occur until 2016. At that time Moana reported many instances of appellant's indecent behavior. Although Moana did not give exact dates as to when the conduct occurred, the complainant specified a time frame, testifying that the incidents occurred between her second and third or fourth grade years in school.

After the filing of a formal complaint, appellant was arrested. The next day, appellant appeared before a magistrate, where he requested appointment of counsel. On the following day, the court appointed counsel to represent appellant. Five days after appointment of counsel and without contacting his counsel, Houston Police Department Officers Himes and Arellano went to the Harris County Jail to interview appellant. After generally denying most of the allegations, appellant stated "I made a mistake" while insisting he "touched complainant only one time." Indicted and tried for the offense of "continuous

---

[1] To protect the privacy of the complainant and other members of her family who testified at trial, we use pseudonyms when referring to them in this opinion.

2

sexual assault of a child," a jury returned a verdict finding appellant guilty of the lesser-included offense of indecency with a child by contact. The jury assessed his punishment at fifteen years' confinement.

## II. SUFFICIENCY OF THE EVIDENCE

In his first issue, appellant challenges the sufficiency of evidence. In evaluating this challenge, we view the evidence in the light most favorable to the verdict. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). The issue on appeal is not whether we believe the State's evidence or believe that appellant's evidence outweighs the State's evidence. *Wicker v. State*, 667 S.W.2d 137, 143 (Tex. Crim. App. 1984). We may not overturn the verdict unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991). The trier of fact stands as the sole judge of the credibility of the witnesses and of the strength of the evidence. *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). The trier of fact may choose to believe or disbelieve any portion of the witnesses' testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). When faced with conflicting evidence, we presume the trier of fact resolved conflicts in favor of the prevailing party. *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). Therefore, if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm. *See McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

### *Legal Standards*

The indictment alleged an offense of continuous sexual assault of a child. In his brief, appellant asserts a legal-sufficiency challenge to a conviction for continuous sexual assault of a child, an offense for which appellant was not convicted. Though appellant stood trial for that offense, the jury did not return a

"guilty" verdict on that charge. Appellant was convicted only of the lesser-included offense indecency with a child by contact. Appellant's main argument under this issue is that the evidence at trial failed to specify any date or time frame when the alleged acts occurred. We liberally construe appellant's brief as challenging the legal sufficiency of the evidence to support the indecency-with-a-child-by-contact conviction, and we address appellant's lack-of-specific-date-or-time-frame argument in this context.

As is relevant to the challenged conviction, a person commits the offense of indecency with a child by contact if the person intentionally or knowingly engages in sexual contact with a child younger than 17 years of age or causes the child to engage in sexual contact. *See* Tex. Penal Code Ann. § 21.11(a)(1). "Sexual contact" includes the following acts, if committed with the intent to arouse or gratify the sexual desire of any person: (1) a person's "touching through clothing" of any part of the genitals of a child, and (2) "any touching of any part of the body of a child. . .with. . . any part of the genitals of a person." *See* Tex. Penal Code Ann. § 21.11(c).

In a sufficiency analysis the question "is not what evidence there isn't, it's what evidence there is." *Acosta v. State*, 429 S.W.3d 621, 630 (Tex. Crim. App. 2014). Circumstantial evidence alone can be sufficient to establish guilt. *Id*. at 625. In such cases, it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances. *Id*. The jury may use common sense and apply common knowledge, observation, and experience gained in ordinary affairs when drawing inferences from the evidence. *Id*.

*Evidence Supporting the Indecency-with-a-Child Conviction*

At trial, Clara Rivers, the forensic evaluator, testified as an outcry witness about what she learned when she conducted the forensic interview with Moana.

4

Rivers testified that Moana gave "a chronological description of everything that happened the way it happened, and she was very detailed." According to Rivers, Moana reported various instances, recounting how appellant would make Moana touch his "private area" and explaining that appellant taught Moana how to do so. Moana described to Rivers "masturbating [appellant] to the point of ejaculation." Moana told Rivers that appellant made her touch his private area ten to twelve times. Rivers also testified that Moana complained that appellant would slap her buttocks when Moana's mother was not around. Rivers testified about another incident Moana had reported in which appellant grabbed Moana as she watched television and after telling the child to be quiet, rubbed her vagina over her clothes.

Moana's testimony was consistent with the events Rivers described. Moana testified that she thought the events began when she was in the second grade and occurred until she was in the third or fourth grade. At trial the evidence showed that Moana was born in 2004, that she was seven years old and in second grade in 2011, and she was about ten years old when she reported the incidents in 2014, two years after Moana's mother broke up with appellant and kicked appellant out of the apartment. Moana testified that her Mother took this action when Moana told Miriam that appellant had been touching her buttocks. Moana did not testify at trial about the over-the-clothes touching of her vagina. Neither side asked Moana any details about that incident. Moana testified that appellant "tried" to touch her vagina but "she did not let him." Moana testified that appellant first made her touch his genitals when she was in second grade, and that it occurred more than three times after that. Moana described several instances of this conduct, occurring in different places, including a time where appellant ejaculated on her hand and the floor.

Consistent with a trial under the continuous-sexual-abuse-of-a-child offense,

5

the State put on proof of multiple instances of sexual contact between appellant and Moana. Appellant did not request that the State elect an act upon which it was relying for a conviction. The "on or about" language in an indictment allows the State to prove a date other than the one alleged in the indictment "as long as the date is anterior to the presentment of the indictment and within the statutory limitation period." *See Sledge v. State*, 953 S.W.2d 253, 255 (Tex. Crim. App. 1997). All of the acts of sexual contact described at trial occurred between 2011 and 2014. Appellant was not indicted until 2016, and there is no statute of limitations for the offense. *See* Tex. Code Crim. Proc. Ann. art. 12.01(1). Thus, the acts of sexual contact shown by the evidence at trial all occurred at a time that would allow these acts to be used to prove appellant's guilt. *See Sledge*, 953 S.W.2d at 256. The law recognizes the limitations of child witnesses and does not expect them to recount events that occurred when they were children with the same level of clarity and precision as adults. *See Carr v. State*, 477 S.W.3d 335, 340 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). Moana's inability at age 14 to testify with more precision about the timing of events occurring when she was age seven to ten is not surprising. The jury heard the evidence and the chronological narratives Moana and the outcry witness provided.

Under the applicable standard of review, we conclude that a rational trier of fact could have found beyond a reasonable doubt that appellant intentionally or knowingly engaged in sexual contact with Moana, a child younger than 17 years of age. *See* Tex. Penal Code Ann. § 21.11(a)(1); *Phea v. State*, 190 S.W.3d 232, 237 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). Because the evidence is sufficient to support appellant's conviction based on the indecency-with-child offense, we overrule appellant's first issue.

### III. SUPPRESSION OF CUSTODIAL STATEMENT

In his second issue appellant asserts the trial court erred in denying his motion to suppress appellant's December 13, 2016 custodial statement ("Custodial Statement"). Appellant argues the trial court should have suppressed the statement because appellant's Sixth Amendment right to counsel had attached and the court had appointed counsel to represent appellant before the officers questioned him.

We review the trial court's ruling on a motion to suppress for an abuse of discretion. *State v. Story*, 445 S.W.3d 729, 732 (Tex. Crim. App. 2014). A trial court's ruling should be reversed only if it is arbitrary, unreasonable, or "outside the zone of reasonable disagreement." *Id*. In a motion-to-suppress hearing, the trial court stands as the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Lerma v. State*, 543 S.W.3d 184, 190 (Tex. Crim. App. 2018). We afford almost complete deference to the trial court in determining historical facts. *Id*. The trial court may believe or disbelieve all or any part of a witness's testimony, even if that testimony is not controverted, because the trial court has the opportunity to observe the witness's demeanor and appearance. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010).

Officer Arellano testified that she did not call appellant's lawyer in advance of the interview at the Harris County Jail, and that she believed that appellant did not have a lawyer at that time. Officer Arellano testified that during the interview she spoke to appellant in Spanish and advised him of his rights, including (1) his right to have a lawyer present to advise him before and during any questioning, and (2) his right to have a lawyer appointed to advise him before and during any questioning if he was unable to employ a lawyer. A transcription of the audio portion of the recording of this interview does not reflect a response from appellant when Officer Arellano mentions these two rights, instead the transcription says,

"Unintelligible: Overlapping Noise." Officer Arrellano testified that this statement in the transcription does not mean that appellant did not answer; rather, it means that noise on the audio made that part of the audio unintelligible. Officer Arellano testified that appellant answered "yes" to each of her questions about appellants' rights and that she moved on to the next question only when appellant answered "yes." Contradicting Officer Arellano, appellant testified that he did not answer whether he understood he had the right to have a lawyer present or whether he understood that he had the right to an appointed attorney. Appellant testified that he did not understand that he had the right to call his lawyer, and he testified that he did not understand any of the rights Arellano read to him based on his lack of a complete formal education, his lack of education about and experience with the American judicial system, and his depression.

In its findings of facts and conclusions of law, the trial court accepted Arellano's version of the events, and rejected appellant's testimony as not credible. We are to afford significant deference to those findings. *See Lerma*, 543 S.W.3d at 190. Our review of the record does not compel us to disturb the trial court's factual findings.

Appellant cites *Upton v. State* for the proposition that, after the Sixth Amendment right to counsel attaches and the accused is represented by counsel, the police may initiate interrogation only through notice to defense counsel. *See* 853 S.W.2d 548, 553 (Tex. Crim. App. 1993). This part of Upton is no longer good law after *Montejo v. Louisiana*, a case in which the Supreme Court of the United States overruled the holding in *Michigan v. Jackson*, 475 U.S. 625, 636, 106 S.Ct. 1404, 89 L.Ed.2d 631 (1986). *See Montejo v. Louisiana*, 556 U.S. 778, 792–96, 129 S.Ct. 2079, 2089–91, 173 L.Ed.2d 955 (2009); *Pecina v. State*, 361 S.W.3d 68, 77–78 (Tex. Crim. App. App. 2012). This court has applied the

8

*Montejo* principles under facts similar to those presented in today's case. *See Williams v. State*, 531 S.W.3d 902, 914–16 (Tex. App.—Houston [14th Dist.] 2017) (affirming denial of motion to suppress custodial statement where defendant requested and was appointed counsel two days before police-initiated interrogation without notification to and presence of defense counsel, defendant was informed of his rights during interrogation, and he failed to request counsel when he had the opportunity), *aff'd*, 585 S.W.3d 478 (Tex. Crim. App. 2019). We need not retread this ground. Under the applicable standard of review, we conclude that the trial court acted within its discretion in denying appellant's motion to suppress. We therefore overrule appellant's second issue.

## IV. MODIFICATION OF THE JUDGMENT

The State asserts that we should modify the trial court's judgment to delete the following findings that are contrary to the record:

> APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED. THE COURT FINDS THAT AT THE TIME OF THE OFFENSE, DEFENDANT WAS YOUNGER THAN NINETEEN (19) YEARS OF AGE AND THE VICTIM WAS AT LEAST THIRTEEN (13) YEARS OF AGE. THE COURT FURTHER FINDS THAT THE CONVICTION IS BASED SOLELY ON THE AGES OF DEFENDANT AND THE VICTIM OR INTENDED VICTIM AT THE TIME OF THE OFFENSE. TEX. CODE CRIM. PROC., ART. 42.017.

Appellant has not responded to the State's argument on this point. We note that the trial court's certification of appellant's right to appeal conflicts with the finding in the judgment adjudicating guilt that appellant waived his right to appeal. Nothing in the record shows that appellant waived his right to appeal. Moreover, the State correctly points out that the evidence at trial established that the complainant was born in 2004, she would have been seven years old in 2011, she

9

was around ten years old when she made an outcry statement in 2014, and that appellant was born in 1975 and would have been in his thirties between 2011 and 2014.

This court has the power to modify the judgment of the court below to make the record speak the truth if the matter has been called to the court's attention by any source and if this court has the necessary information to do so. *See* Tex. R. App. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (adopting the reasoning from *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd) (en banc)); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc). This court also has the power to make any appropriate order that the law and the nature of the case require. *See* Tex. R. App. P. 43.6; *French*, 830 S.W.2d at 609; *Asberry*, 813 S.W.2d at 529. If a judgment and sentence improperly reflect the findings of the jury, it is proper for this court to modify the judgment to reflect the truth. *See French*, 830 S.W.2d at 609; *Asberry*, 813 S.W.2d at 529. The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court. *See French*, 830 S.W.2d at 609; *Asberry*, 813 S.W.2d at 529–30.

We conclude that the record shows that all of the above-quoted findings are incorrect and that this court should modify the trial court's judgment to delete the above-quoted findings so that the record speaks the truth. *See* Tex. R. App. P. 43.2(b) (permitting the court of appeals to modify the trial court's judgment); *French*, 830 S.W.2d at 609; *Guerrero v. State*, 554 S.W.3d 268, 273 (Tex. App.— Houston [14th Dist.] 2018, no pet.) (correcting improper recitation of appellate waiver); *Barfield v. State*, 464 S.W.3d 67, 84 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd) (striking inaccurate recitation of the offense in the judgment). We

modify the judgment by deleting these findings in their entirety.

## V. CONCLUSION

Having concluded that the evidence is sufficient to support each of the essential elements of appellant's indecency-with-a-child-by-contact conviction, and that the trial court did not err in denying appellant's motion to suppress, and having modified the judgment to delete the above-quoted findings in their entirety, we affirm the judgment as modified.


/s/     Kem Thompson Frost
         Chief Justice

Panel consists of Chief Justice Frost and Justices Jewell and Spain (Spain, J., concurring and dissenting).

Publish — TEX. R. APP. P. 47.2(b).